UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO GAMEZ,<br><br>                      Petitioner,<br><br>   v.<br><br>STEVEN C. STAFFORD, United States Marshal for the Southern District of California,<br><br>                      Respondent. | CASE NO: 12-CV-1632 W (MDD)<br><br>**ORDER DENYING STAY OF EXTRADITION ORDER PENDING APPEAL [DOC. 12]** |

On June 8, 2012, Magistrate Judge Bernard G. Skomal certified Santiago Gamez for extradition to Mexico, where is wanted for aggravated homicide. (*Court's 2241 Order* [Doc. 5] 1, 4.) Judge Skomal stayed his certification order while Gamez sought habeas relief from this Court. (*Id.* at 4.) On August 21, 2012, this Court denied habeas relief to Gamez, thereby lifting the stay on the certification order and permitting the Department of State to proceed with extradition. (*See id.* at 1, 9.)

On August 29, 2012, Gamez appealed this Court's habeas order to the Ninth Circuit Court of Appeals. (*Not. Appeal* [Doc. 8].) He now seeks another stay of his certification order pending resolution of that appeal. (*Mot. Stay* [Doc. 12]); <u>see also</u> Fed. R. App. P. 8(a)(1)(A) ("A party must move first in the district court for . . . a stay of the judgment or order of a district court pending appeal."). The Government

opposes.  (*Opp'n* [Doc. 16].)  The Court considers the matter on the papers and without oral argument.  See S.D. Cal. Civ. L.R. 7.1(d)(1).  For the reasons below, the Court **DENIES** Gamez's motion to stay.

I.   LEGAL STANDARD

The power to stay an action is "part of its traditional equipment for the administration of justice."  Nken v. Holder, 556 U.S. 418, 421 (2009).  A stay is not, however, a matter of right.  Id. at 434.  It is subject to the court's discretion, and is exercised only if warranted by the "circumstances of the particular case."  Id.  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  Id. at 434-35.  Courts consider four traditional factors before issuing a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably harmed absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  Id. at 425-26 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

"The first two factors of the traditional standard are the most critical."  Id. at 434.  The first factor, likelihood of success on the merits, requires the applicant to show at least "a substantial case for relief on the merits."  Leiva-Perez v. Holder, 640 F.3d 962, 968 (9th Cir. 2011).  The second factor requires an even stronger showing: the applicant must demonstrate that irreparable harm is "probable," or more likely than not, if the stay is denied.  Id. at 968.  The third and fourth factors, prejudice to the nonmoving party and public interest, "merge when the Government is the opposing party."  Nken, 556 U.S. at 435.  Ultimately, the stay applicant must show that "irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the [moving party's] favor."  Leiva-Perez, 640 F.3d at 970.

## II. DISCUSSION

### A. Irreparable Harm

Without a stay of his certification order, Gamez maintains that he will be deprived of his ability to pursue appeal of this Court's habeas denial. (*Mot. Stay* 5.) The Court agrees. If the Secretary of State chooses to extradite Gamez, then he will most likely be delivered to Mexico before his appeal of this Court's habeas order has completed. In short, "his appeal will become moot and will be dismissed." Artukovic v. Rison, 784 F.2d 1354, 1356 (9th Cir. 1986). In this circumstance, the "possibility for irreparable harm . . . is evident."[1] Id.

### B. Likelihood of Success on the Merits

Childs must also demonstrate a likelihood of success on appeal. At a minimum, he must present "a substantial case for relief on the merits." Leiva-Perez, 640 F.3d at 968. In his motion to stay, Gamez reiterates the same arguments that he made in his petition for habeas relief. (*Mot. Stay* 4-5.) He contends that Judge Skomal's probable-cause determination was inadequate because the primary evidence submitted by Mexico consisted of two eyewitness summaries that contained somewhat conflicting physical descriptions of Gamez and inconsistent accounts of the timing of the crime. (*Id.*) The Court considered these arguments, and, relying on established Ninth Circuit law, rejected them. (*Court's 2241 Order* 5-8.)

The only question before the Court on habeas review was whether "there [was] *any* competent evidence supporting the probable cause determination of the magistrate." Vo v. Benov, 447 F.3d 1235, 1240 (9th Cir. 2006) (emphasis added). The

---

[1] Gamez also suggests that he will lose the ability to raise a claim under the Convention Against Torture if a stay is not granted. (*Mot. Stay* 5.) This assertion is misplaced. Gamez's CAT claim is not before this Court; it may only be raised to the Secretary of State. (*See Court's 2241 Order* 5 n.3.) If the Secretary denies relief, then Gamez may challenge her decision—and seek a corresponding stay—in a new habeas petition. Trinidad y Garcia v. Thomas, 683 F.3d 952 (9th Cir. 2012).

1  Ninth Circuit has confirmed that prosecutorial summaries are competent for this
2  purpose. <u>Manta v. Cherhoff</u>, 518 F.3d 1134, 1146-47 (9th Cir. 2008); <u>Zanzanian v.</u>
3  <u>United States</u>, 729 F.2d 624, 627 (9th Cir. 1984). Questions of evidentiary weight,
4  moreover, are "solely within the province of the extradition magistrate." <u>Quinn v.</u>
5  <u>Robinson</u>, 783 F.2d 776, 815 (9th Cir. 1986). As this Court explained in its habeas
6  order, "[s]o long as reliability issues do not 'completely obliterate' the evidence
7  supporting probable cause, Judge Skomal was 'free to determine the weight to be
8  accorded' to each eyewitness statement, and is not subject to second-guessing."
9  (*Court's 2241 Order* 6) (citing <u>Quinn</u>, 783 F.2d at 815, <u>Choe v. Torres</u>, 535 F.3d 733,
10 740 (9th Cir. 2008), and <u>Barapind v. Enomoto</u>, 360 F.3d 1061, 1072 (9th Cir. 2004)).

11      The eyewitness accounts in this matter were inconsistent in some respects, but
12 no so much that the reliability of each witness was obliterated. (*See id.* at 7.) While
13 this may create issues in Mexico's pending prosecution of Gamez, it does not allow a
14 reviewing court to conclude that Judge Skomal's probable-cause determination was
15 supported by *no* competent evidence. <u>Vo</u>, 447 F.3d at 1240. In short, Gamez's
16 evidentiary challenges do not present "a substantial case for relief on the merits."
17 <u>Leiva-Perez</u>, 640 F.3d at 968. In a non-extradition case, the Court might come to the
18 different conclusion. But here, where the standard of review is extremely deferential
19 to the extradition magistrate, there is no likelihood of success on appeal.

21      C.   **Public Interest**

22      Finally, Gamez must show that the interests of the Government and the public,
23 which are the same for purposes of the present motion, favor a stay of his certification
24 order. <u>Leiva-Perez</u>, 640 F.3d at 970. Even if Gamez could demonstrate a "substantial
25 case on the merits" of his appeal, he would still have to show that "the balance of
26 hardships tips sharply in [his] favor." <u>Id.</u> This he cannot do.

27      The public undoubtedly has an interest in ensuring substantive and procedural
28 compliance with the United States' extradition laws. But the public also has an interest

in seeing to it that legally-supported extraditions actually occur in a timely manner. See Artukovic, 784 F.2d at 1356. By doing so, the United States "promotes relations between [itself and foreign] countries, and enhances efforts to establish an international rule of law and order." Id. This goal is compromised when certification orders are tied up for years in litigation at the district and appellate level. This is particularly true when the subject of extradition is capable of defending himself in a foreign tribunal. Id.

Gamez has not demonstrated that he is incapable of defending himself against the aggravated-homicide charges in Mexico. The Court acknowledges Gamez's contention that he will be subject to torture and inhumane treatment in the meantime, but the substance of that argument is appropriately left to the executive decision-making of the Secretary of State. See Trinidad y Garcia, 683 F.3d at 955-57. Considering all arguments and evidence properly before it, the Court concludes that the public interest favors resolution of Gamez's extradition by the Secretary of State without further delay.

### IV. CONCLUSION AND ORDER

Gamez will be irreparably harmed if he loses his opportunity to appeal his certification order. But he has not demonstrated a likelihood of success on that appeal or a compelling public interest in delaying his extradition proceedings before the Secretary of State. For these reasons, the Court **DENIES** Gamez's motion to stay.

**IT IS SO ORDERED.**

DATED: September 25, 2012

Hon. Thomas J. Whelan
United States District Judge